UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW M. AULICINO,

                Plaintiff,

-against-

B&Z AUTO ENTERPRISES LLC,

                Defendant.

Case No. 1:24-cv-03483 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

      On May 6, 2024, B&Z Auto Enterprises LLC ("Defendant") removed this action from the Supreme Court of New York, Bronx County, where it had been brought by Matthew M. Aulicino ("Plaintiff").  ECF No. 1 (the "Notice of Removal").  Defendant asserts that jurisdiction in this Court is proper by reason of diversity of citizenship under 28 U.S.C. § 1441(a).  *Id.* ¶ 5; *see also* 28 U.S.C. § 1332(a)(1).  "As alleged in its Complaint, Plaintiff is an individual residing in Florida and Defendant has its principal place of business in New York."  Notice of Removal ¶ 7.  Defendant asserts that Plaintiff is a citizen of Florida and Defendant is a citizen of New York.  *Id.* ¶ 8.  In its Rule 7.1 statement, Defendant identifies two members: "Bobby Albert- New York" and "Denis & Co Holdings LLC- New York."  ECF No. 3 at 1.  Defendant does not identify the membership of "Denis & Co Holdings LLC."  *Id.*

      It is well established that a limited liability company (an "LLC") is deemed to be a citizen of each state of which its members are citizens.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (Sotomayor, J.).  Thus, a notice of removal premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC.  *See id.*; *Carter v. HealthPort Techs., LLC*, 822

1

F.3d 47, 60 (2d Cir. 2016); *Goney v. SuttonPark Cap. LLC*, No. 22-1830, 2023 WL 8235019, at *3 (2d Cir. Nov. 28, 2023) (summary order); *Gianetti v. Teakwood, Ltd.*, No. 21-782, 2022 WL 815793, at *1 (2d Cir. Mar. 18, 2022) (summary order); *MinedMap, Inc. v. Northway Mining, LLC*, No. 21-1480, 2022 WL 570082, at *2 (2d Cir. Feb. 25, 2022) (summary order).

In the present case, the Notice of Removal fails to do so, and the Rule 7.1 statement does not fully resolve the issue either.  Accordingly, it is hereby ORDERED that, on or before **May 17, 2024**, Defendant shall amend its Notice of Removal to allege the citizenship of each constituent person or entity comprising the Defendant LLC (including the state of incorporation and principal place of business of any corporate member and, if a corporate member is an LLC, the same information about that LLC's membership).  If, by that date, Defendant is unable to amend its Notice of Removal to truthfully allege complete diversity of citizenship, then the action will be remanded to the Supreme Court of New York, Bronx County, without further notice to either party.

Finally, Defendant is directed to, **within two business days of this Order**, serve on Plaintiff a copy of this Order and to file proof of such service on the docket.  Counsel for Plaintiff is directed to file a notice of appearance on the docket **within two business days of such service**.

Dated: May 7, 2024
       New York, New York

                                             SO ORDERED.

                                             _____
                                             JENNIFER L. ROCHON
                                             United States District Judge