UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW M. AULICINO,

                Plaintiff,

-against-

B&Z AUTO ENTERPRISES LLC,

                Defendant.

Case No. 1:24-cv-03483 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

      On May 6, 2024, B&Z Auto Enterprises LLC ("Defendant") removed this action from the Supreme Court of New York, Bronx County, where it had been brought by Matthew M. Aulicino ("Plaintiff"). ECF No. 1 (the "Notice of Removal"). Defendant asserts that jurisdiction in this Court is proper by reason of diversity of citizenship under 28 U.S.C. § 1441(a). *Id.* ¶ 5; *see also* 28 U.S.C. § 1332(a)(1). Defendant reports that it "was served on April 24, 2024." Notice of Removal ¶ 2. "As alleged in its Complaint, Plaintiff is an individual residing in Florida and Defendant has its principal place of business in New York." *Id.* ¶ 7. Defendant asserts that Plaintiff is a citizen of Florida and Defendant is a citizen of New York. *Id.* ¶ 8. In its Rule 7.1 statement, Defendant identifies two members: "Bobby Albert- New York" and "Denis & Co Holdings LLC- New York." ECF No. 3 at 1. Defendant does not identify the membership of "Denis & Co Holdings LLC." *Id.*

      On May 7, 2024, the Court noted that the Complaint and the Notice of Removal failed to identify all the members of "Denis & Co Holdings LLC- New York." ECF No. 4 at 1. Accordingly, the Court ordered that "on or before May 17, 2024, Defendant shall amend its Notice of Removal to allege the citizenship of each constituent person or entity comprising [B&Z Auto Enterprises LLC] (including the state of incorporation and principal place of business of any corporate member and, if a corporate member is an LLC, the same information about that LLC's membership)." *Id.* at 2 (emphasis omitted).

      On May 14, 2024, Plaintiff filed several motions in a single consolidated filing. ECF No. 6; *see Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023) (the "special solicitude" afforded to *pro se* litigants "includes leniency in the application of procedural rules"). Plaintiff "request[ed] permission to appear virtually for all proceedings related to [this] case excluding trial," ECF No. 6 at 1, and "to file documents electronically in [this] case and to have [his] PACER account activated," *id.* at 3. Plaintiff also moved to remand on several grounds. *See id.* at 5-13. One ground invoked was the forum-defendant rule. *See id.* at 7; 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

1

In light of Plaintiff's motion to remand, the Court will no longer require Defendant to show cause on or before May 17, 2024. Instead, Defendant shall file a brief in opposition to Plaintiff's motion no later than **May 29, 2024**. Plaintiff may file a reply brief in support of his motion no later than **June 10, 2024**. Also, Plaintiff's request for permission to file via ECF is GRANTED.

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff. Defendant is directed to email a copy of this order to Plaintiff at the email account listed at ECF No. 6 at 4.

Dated: May 15, 2024
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge